IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LINDSEY K. SPRINGER,            )
                                )
           Petitioner,          )
                                )
vs.                             )    Case No. CIV-13-1326-W
                                )
JOHN FOX, Warden FCI            )
El Reno,                        )
                                )
           Respondent.          )

# REPORT AND RECOMMENDATION

**I.  Petitioner failed to exhaust available administrative remedies before filing this action.**

   **A.  Initial habeas petition filed on December 13, 2013.**

Proceeding under 28 U.S.C. § 2241, Lindsey Springer (Petitioner), a prisoner in the custody of the United States Bureau of Prisons (BOP), filed this action seeking federal habeas relief as to the November 7, 2013 findings and imposition of sanctions by a Discipline Hearing Officer (DHO) at the Federal Correctional Institution (FCI), El Reno. Doc. 1.[1] The sanctions included the loss of various prison privileges and one day of good time. *Id.* at 8-9, 13, 16. Petitioner also challenged his receipt of a "management variable" that allegedly resulted in his transfer to his current facility. *Id.*

Petitioner specifically alleged that he was denied due process in the course

---

[1]     Citations reflect the court's CM/ECF designation and pagination.

of the prison disciplinary proceedings and alleged that he was "being deliberately prevented from appealing [the] DHO report." *Id.* at 18.[2] He claimed that he "has been denied the basic right to appeal" "and has been thwarted at every turn by those charged with actually aiding [him] in accomplishing administrative remedy." *Id.* at 21. According to Petitioner, his "time period expired to appeal and Prison officials lost Petitioner's BP-10 and Exhibits he was given 1 day to prepare." *Id.* He concluded that his "only option is to seek relief under 28 U.S.C. § 2241." *Id.* at 22.

B.    **Procedural history.**

United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Consistent with that referral, the undersigned examined Petitioner's pleadings and ordered a response. Doc. 22.[3] Respondent filed a supported motion to dismiss, grounded, in part, on Petitioner's alleged failure to exhaust available administrative remedies before filing his initial §

---

[2]    Unless otherwise indicated, quotations in this report are reproduced verbatim.

[3]    Petitioner filed an amended petition on January 17, 2014 from a low-security-satellite prison adjacent to FCI, La Tuna, a facility located within the territorial jurisdiction of Western Texas. Doc. 15, at 1. *See* http://www.bop.gov/locations/institutions/lat.

2

2241 petition. Doc. 27. Petitioner responded. Doc. 33. Respondent replied. Doc. 35. Petitioner then submitted a sur-reply. Doc. 36.

After careful review, and liberally construing Petitioner's pro se filings, the undersigned recommends dismissal of the action due to Petitioner's failure to exhaust available administrative remedies before seeking habeas relief in this Court.[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted).

## C. Exhaustion requirement.

A prisoner must exhaust all available administrative remedies "as a prerequisite to filing a federal habeas petition" pursuant to § 2241. *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010). Nonetheless, "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id.* at 1203. And, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). It is

---

[4] The undersigned does not address Respondent's remaining grounds for dismissal. *See* Doc. 27, at 3; *see Jackson v. McCollum*, No. 14-6175, 2014 WL 7004851, at *1 n.1 (10th Cir. Dec. 12, 2014) ("Because the habeas claim is unexhausted, we need not reach the district court's alternative conclusion that the allegations were not cognizable as a habeas claim.") (unpublished op.).

3

Respondent's burden to prove the affirmative defense of failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

> **D. Administrative remedies were available to Petitioner at the time he filed his initial petition.**

In his opening brief in support of dismissal, Respondent maintained that Petitioner "abandoned all administrative proceedings before their conclusion to proceed solely in federal court." Doc. 27, at 7. Petitioner countered that "all administrative remedy procedures normally available in Federal Prison were not available at El Reno . . . ." Doc. 33, at 20. He alleged "that due to Respondent's policies and efforts Petitioner was incapable of satisfying the requirements of filing a BP-10, as Petitioner attempted on December 1, 2013, and December 4, 2013 regard the November 7, 2013 DHO actions taken. See Doc. 15, pg 3 ("Futile")[.]" *Id.*[5]

---

[5] Under Bureau of Prison protocol, inmate claims are addressed in a four-step process:

> [A] prisoner must first seek informal redress for his grievance and then he can proceed through the formal administrative appeal process, which includes, in sequence, institutional, regional, and national (central) levels of review. *See* 28 C.F.R. §§ 542.13.-19. Where, as here, the inmate challenges an initial determination made by a DHO, he can skip the institutional tier and submit his appeal directly to the Regional Office. *Id*. § 542.14(d)(2).

*Acosta v. Daniels*, No. 14-1193, 2014 WL 5472128, at *2 (10th Cir. Oct. 30, 2014)
(continued...)

Respondent then replied, addressing Petitioner's claims of the unavailability of administrative remedies and the futility of exhaustion. Doc. 35, at 2-5. Respondent asserted that Petitioner's § 2241 action must be dismissed "because [Petitioner] failed to exhaust his administrative remedies ***before*** filing suit." *Id.* at 2. Rather than proceeding through the administrative process, Respondent argued, Petitioner "sought to pursue his administrative remedies concurrently with filing a petition in a district court. He filed his first-level request for administrative review on December 12, 2013, and mailed his Petition for Habeas Corpus ***the next day***." *Id.* In Respondent's words, Petitioner attempted "to fast forward the administrative review by concurrently prosecuting his petition . . . ." *Id.* at 3. And, Respondent further maintained that "even if [Petitioner] was unable to comply with the administrative procedure, . . . . [t]he administrative regulations set forth a process for an inmate to follow when he is unable to comply with the timing requirements[.]" *Id.* at 4.

Petitioner filed a sur-reply directed primarily to the merits of his disciplinary challenge. Doc. 36. His only argument with regard to his failure

---

⁵(...continued)
(unpublished op.).

5

to exhaust administrative remedies before filing his initial habeas petition is that "Respondent is wrong about timing." *Id.* at 4. His only support for this argument is as follows:

> Respondent's "one day" argument is clearly erroneous and this court must not feed into Respondent's continued effort to prevent Petitioner from the relief sought. The December 1, 2013 BP-10 and Exhibits were Petitioner's first attempt at administrative remedy, after weeks of refusal to provide necessary documents, and only after being informed . . . the December 1, 2013 BP-10 was lost and Petitioner being placed on Paper sheets in Sub zero temperatures outside with no heat inside, did Petitioner begin to compile his December 13, 2013 filings.

*Id.*

Petitioner was required to fully exhaust his administrative remedies before seeking federal habeas relief. The Supreme Court has explained that

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). Petitioner neither does – nor can he – claim that he completed the requisite four-step process before seeking habeas relief. *See supra* n.5. And, contrary to Petitioner's allegation that his "only option [was] to seek relief under 28 U.S.C. § 2241" when

6

FCI El Reno officials "thwarted" his exhaustion efforts, Doc. 1, at 22, administrative regulations provide a remedy for an inmate who is unable to comply with the timing requirements. *See Lee v. Benuelos*, No. 14-1249, 2014 WL 6788193, at *1 (10th Cir. Dec. 2, 2014) ("With respect to each of the administrative deadlines, the regulations give prison officials the discretion to excuse an untimely filing 'where the inmate demonstrates a valid reason for delay.'") (quoting 28 C.F.R §§ 542.14(b), 542.15(b) (unpublished op.)).

Accepting the truth of Petitioner's allegations that FCI, El Reno officials hindered his first-stage exhaustion efforts and prevented timely filing, it is undisputed that he chose to apply for federal habeas relief without waiting for the results of his efforts to demonstrate his inability to meet the filing deadlines. *See* Declaration of Lindsey K. Springer. Doc. 34, at 1-2.[6] Petitioner failed to exhaust available administrative remedies before instituting this action, and dismissal is warranted.

## II. Other pending motions.

In light of the recommended disposition of this action, Petitioner's

---

[6] It is possible that Petitioner elected to file his federal action in order to seek a temporary restraining order to prevent his transfer to another facility. Doc. 4. That attempt soon failed, Docs. 8, 21, but Petitioner did not proceed to fully exhaust his administrative remedies "and then reinstitut[e] his suit" if those efforts failed. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005).

remaining motions are moot:

- Petitioner's "Motion for Appointment of Counsel" is grounded solely on alleged deprivations at FCI, El Reno, which he filed just prior to his transfer to a low-security-satellite prison adjacent to FCI, La Tuna, located within the territorial jurisdiction of Western Texas. Doc. 3.
- Petitioner's "Motion to Supplement" pertains to his efforts to exhaust his administrative remedies after having filed his initial habeas petition. Doc. 19.
- Petitioner's "Motion to Transfer" seeks the transfer of this action to the Western District of Texas, a court with jurisdiction over Petitioner's current custodian. Doc. 24. With respect to the court's subject-matter jurisdiction over any claim that Petitioner may have to habeas corpus relief, "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). So, Petitioner's transfer did not divest the court of jurisdiction over the petition or of the power to dismiss that petition. Any habeas *relief* ordered by the court would be to no effect because the court lacks jurisdiction over Petitioner's present custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

- Petitioner's "Motion for Leave to Conduct Limited Discovery" relates to the merits of the action and to Petitioner's efforts *after* initiating this action to excuse his untimely administrative efforts. Doc. 25.

- Petitioner's "Motion for Order to Direct Respondent Use Correct Address," Doc. 30, was resolved by the parties. *See* Doc. 35, at 10.

**III. Recommendation and notice of right to object.**

For the stated reasons, the undersigned recommends that Judge West grant Respondent's motion to dismiss Petitioner's action seeking habeas corpus relief, Doc. 27, and order that the action be dismissed without prejudice. The undersigned further recommends that all other pending motions be deemed moot. Docs. 3, 19, 24, 25, 30.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before January 27, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 7th day of January, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE