IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA


FILED
FEB - 2 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

LINDSEY K. SPRINGER, )
)
Petitioner, )
)
vs. ) No. CIV-13-1326-W
)
JOHN FOX, Warden, FCI El Reno, )
)
Respondent. )

## ORDER

On January 7, 2015, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended, inter alia, that the Motion to Dismiss Petition for Habeas Corpus filed by respondent John Fox, Warden, Federal Correctional Institution, El Reno, be granted and the Petition for Writ of Habeas Corpus, as amended ("Amended Petition"), filed by petitioner Lindsey K. Springer pursuant to title 28, section 2241 of the United States Code be dismissed without prejudice.

Springer, who is proceeding pro se, was advised of his right to object, see Doc. 37 at 9, and the matter now comes before the Court on Springer's Objections to the Magistrate's Report and Recommendation [Doc. 38].

Despite Springer's arguments to the contrary, "[a]s a prerequisite for filing a federal habeas petition under 28 U.S.C. § 2241, a prisoner must exhaust all available administrative remedies." Acosta v. Daniels, 2014 WL 5472128 *2 (10th Cir. 2014)(citing Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010))(further citation omitted)(cited pursuant to Tenth Cir. R. 32.1). In determining whether Springer has done so, the Court,

upon de novo review, finds no grounds[1] have been advanced by Springer that would excuse administrative exhaustion in this case or support a finding of futility under the instant circumstances. The Court therefore concurs with Magistrate Judge Mitchell's suggestion that dismissal of Springer's Amended Petition is warranted due to Springer's failure to comply with the grievance procedures provided by the Bureau of Prisons prior to seeking habeas relief.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 37] issued on January 7, 2015;

(2) GRANTS the respondent's Motion to Dismiss Petition for Habeas Corpus [Doc. 27] filed on March 17, 2014;

(3) DENIES and/or deems MOOT the following motions filed by Springer:

    (a) Motion for Appointment of Counsel [Doc. 3] file-stamped December 17, 2013;

    (b) Motion to Supplement [Doc. 19] file-stamped February 7, 2014;

    (c) Motion to Transfer [Doc. 24] file-stamped February 27, 2014;

    (d) Motion for Leave to Conduct Limited Discovery [Doc. 25] file-stamped February 28, 2014; and

---

[1] When addressing the Bureau of Prison's administrative remedy protocol, Magistrate Judge Mitchell referred to a "four-step process," Doc. 37 at 6; e.g., 28 C.F.R. §§ 542.10-542.19; such reference does not entitle Springer to relief as he has argued since Magistrate Judge Mitchell further acknowledged that "'[w]here, as here, the inmate challenges an initial determination made by a [disciplinary hearing officer] . . . , he can skip the institutional tier and submit his appeal directly to the Regional Office.'" Id. at 4 n.5 (quoting Acosta *2 (citing 28 C.F. . § 542.14(d)(2)). In any event, in the absence of any applicable exception, an inmate such as Springer has not exhausted his administrative remedies until he has completed each of the steps required under the circumstances. E.g., Eldridge v. Berkebile, 576 Fed. Appx. 746, 747 (10th Cir. 2014)(cited pursuant to Tenth Cir. R. 32.1)(citation omitted).

(d) Motion for Order to Direct Respondent [to] Use Correct Address [Doc. 30] file-stamped March 31, 2014; and

(4) DISMISSES this action without prejudice.

ENTERED this 2nd day of February, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE